## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALAN H. BUGG,

      Plaintiff,

v.                                          Civil No. 01-1338 WJ/RHS

QUAY COUNTY,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### ALLOWING DEFENDANT TO AMEND ANSWER

THIS MATTER comes before the Court upon Defendant's Motion Requesting Leave of the Court to Amend Answer, filed January 14, 2004 **(Doc. 40)**. This is an employment termination case in which Plaintiff alleges violations of his civil rights under Title VII, 42 § U.S.C.A. 2000e to 2000e-17, the Americans with Disabilities Act of 1990, and breach of contract. Defendant seeks to add affirmative defenses of res judicata and collateral estoppel to its previously asserted affirmative defenses.

In theory, a party waives any affirmative defense that it fails to raise in accordance with Rule 8(c) of the Federal Rules of Civil Procedure. See Renfro v. City of Emporia, Kansas, 948 F.2d 1529, 1539 (10th Cir. 1991). In practice, however, courts do not generally invoke technical waiver when the defense is raised in a manner that does not result in unfair surprise. See Ball Corp. v. Xidex Corp., 967 F.2d 1440 (10th Cir. 1992); Simi Inv. Co., Inc. v. Harris County, Tex., 236 F.3d 240 (5th Cir. 2000) (district courts have discretion to allow late amendments "when no prejudice would result to the other party, and the ends of justice so require"). Thus, a defendant

may raise an affirmative defense for the first time in a motion for judgment on the pleadings, but "only if the delay does not prejudice the plaintiff."  <u>Owens v. Kaiser Foundation Health Plan, Inc</u>. 244 F.3d 708 (9th Cir. 2001).

Plaintiff has not responded to the instant motion, and thus presents no basis for the Court to find any prejudice in granting the motion.  Further, I find no prejudice in allowing Defendant to amend the answer at this point in the litigation while there is still time to argue dispositive issues.  <u>See</u> Doc. 39 (motions filing cutoff of March 1, 2004);  <u>Atiya v. Salt Lake County</u>, 988 F.2d 1013, 1019 (10th Cir. 1993) (permitting defendant to add collateral estoppel and res judicata as affirmative defenses in its answer, even though a summary judgment motion had already been filed on those grounds, and noting that far from delaying case, decision to allow amendment would resolve issues more quickly).  Following a change in defense counsel, <u>see</u> Doc. 37, newly appointed counsel did not unduly delay in moving to amend the answer.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion Requesting Leave of the Court to Amend Answer, filed January 14, 2004 **(Doc. 40)** is hereby GRANTED;

**IT IS FURTHER ORDERED** that Defendant shall file an Amended Answer[1] with the Court on or before <u>Monday, March 1, 2004</u>.

_____
UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Amended Answer is attached as Exhibit A to the motion.

2